IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| LESTER WILLIAM TAYLOR, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | Civil Action No.   2:16-10950 |
| ) | Criminal Action No. 2:14-00184 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] (Document No. 40), filed on November 16, 2016. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 41.)

**FACTUAL BACKGROUND**

**1.      Criminal No. 2:14-00184:**

On October 27, 2014, Movant pled guilty to a two-count Information charging him with one count of conspiracy to distribute a quantity of oxycodone in violation of 21 U.S.C. § 846 (Count One), and one count of conspiracy to launder proceeds of a specified unlawful activity in violation of 18 U.S.C § 1956(h) (Count Two). (Criminal Action No. 2:14-00184, Document Nos. 7 and 8.) The District Court sentenced Movant on November 12, 2015, to serve a 120-month term of incarceration as to each count, to run concurrently. (Id., Document Nos. 35 and 37.) The District

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court further imposed a three-year term of supervised release, a $200 special assessment, and a $10,000.00 fine. (Id.) The District Court further entered a Final Order of Forfeiture regarding a Harley Davison motorcycle and real proper having a street address of 1191 Pine Street, Daytona Beach, Florida. (Id., Document No. 36.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**2.     Section 2255 Motion:**

On November 16, 2016, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:16-10905, Document No. 40.) As grounds for *habeas* relief, Movant asserts "ineffective assistance of counsel." (Id.) Movant, however, fails to set forth any supporting facts concerning this claim. (Id.) Movant states that he is in the Special Housing Unit ["SHU"] with "very little access" to the law library and necessary documents. (Id.) Movant explained that he had been in the SHU since March 28, 2016, "expect for 25 days while in transit." (Id.) Movant, therefore, requested that the Court hold the motion in abeyance until he is released from the SHU. (Id.)

**3.     Motion for Return of Property:**

On November 22, 2016, Movant filed a Motion for Return of Property. (Criminal Action No. 2:14-cr-00184, Document Nos. 43 and 44.) The United States filed its Response on December 16, 2016. (Id., Document No. 45.) The United States acknowledged that during the execution of a search warrant at Movant's residence, officers seized the following: five cell phones; empty pill bottles; nine firearms; and other paperwork. (Id.) Concerning the paperwork and pill bottles, the United States explained that such was utilized as evidence against Movant and other individuals and must be maintained as evidence for two years after his co-conspirators' convictions becoming

final. (Id.) As to the cellular phones, the United States advised that such were in the custody of the Metropolitan Drug Enforcement Network Team ["MDENT"] and the United States was agreeable to releasing such to Movant's son. (Id.) As to the firearms, the United States advised that such were in the custody of the MDENT and the United States was agreeable to releasing such to Movant's son. (Id.) The United States, however, explained that two of the firearms were possibly illegal to possess due to mutilated serial number and a shot gun with a barrel length shorter than eighteen inches. (Id.) Therefore, the United States advised it was agreeable to releasing all legal firearms to Movant's son and recommended the illegal firearms be destroyed by law enforcement officers. (Id.) By Order entered on April 6, 2017, the District Court denied Movant's Motion as moot. (Id., Document No. 46.)

4.     **Motion to be Recommended for the Residential Drug Abuse Program:**

On July 3, 2017, Movant filed his letter-form Motion to be Recommended for the Residential Drug Abuse Program. (Id., Document No. 47.) By Order entered on July 7, 2017, the undersigned denied Movant's Motion. (Id., Document No.48.)

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which

3

inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel

4

through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v.

Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In the instant case, Movant asserts no facts supporting this claim of ineffective assistance of counsel. Movant's conclusory allegation that counsel was ineffective is insufficient. A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how counsel acted ineffectively and how Movant was prejudiced by such conduct. The Fourth Circuit has recognized that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013)(citing United States v. Thomas, 221 F.3d 430, 437 (3rd Cir. 2000)); also see Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1997)(the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"); United States v. McClellan, 2017 WL 2822315 (3rd Cir. Jan. 3, 2017)(finding petitioner's conclusory allegations of the ineffective assistance of counsel were insufficient);

United States v. Faria, 268 Fed.Appx. 730 (10th Cir. 2008)(conclusory allegations of ineffective assistance of counsel were insufficient to warrant habeas relief); Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995)(finding habeas relief was unwarranted based on "conclusory allegations which are not supported by a statement of specific facts"); Andiarena v. United States, 967 F.2d 715, 719 (1st Cir. 1992)(finding summary dismissal appropriate where petitioner's claim was "wholly conclusory"). The undersigned notes that at the time of the filing of his Section 2255 Motion, Movant indicated that he was confined in the SHU with limited access to the law library and his documents. Movant's Section 2255 Motion, however, has been pending before the Court for approximately three-years and Movant has yet to file any supplement to his Section 2255 Motion. Importantly, the undersigned notes that Movant has filed at least two motions in his criminal proceedings since the filing of his Section 2255 Motion. Specifically, Movant filed a motion requesting the return of confiscated property and a motion for a recommendation for placement in the Residual Drug Treatment Program. (Criminal Action No. 2:14-cr-184, Document Nos. 44 and 47.) Thus, the record is void of any indication that Movant's ability to supplement his Section 2255 has been inhibited since the filing of his Section 2255 Motion. Based upon the foregoing, the undersigned respectfully recommends that Movant's ineffective assistance of counsel claim be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 40) and

**REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 1, 2019.

Omar J. Aboulhosn
United States Magistrate Judge